IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

JERRY RICHMOND,

Defendant.                                                  No. 10-30084-DRH

### ORDER

**HERNDON, Chief Judge:**

This matter is before the Court for case management purposes. Specifically, the Court wishes to **AMEND** its Order to Continue (Doc. 21) filed on July 13, 2010. In that Order, the Court continued the trial setting as to Jerry Richmond upon finding that the ends of justice justified such a continuance under **18 U.S.C. § 3161(h)(7)(A)**. However, the Court inadvertently failed to mention that there were also two fugitives in this case which have not been arraigned so that the Speedy Trial Clock has not yet began to run.

Therefore, the Court **AMENDS** its previous Order to Continue (Doc. 21) as follows:

The Court notes that two of the co-defendants in this case, Deneshion

Swope and Bryant Giles, remain fugitives. Both Defendants are still at large and have not yet been arraigned. Further, no motion for severance of the defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there are two fugitives, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case, was arraigned)**. Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue (Doc. 20) as well as stated by this Court in its Order to continue (Doc. 21) justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3171(h)(7)(A)**, the ends of justice served by the

granting of such a continuance outweigh the best interests of the public and the Defendant in a speedy trial.

**IT IS SO ORDERED.**

Signed this 15th day of July, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**